## C. E. WOOD *v.* Floy WHITE

92-681                                    842 S.W.2d 24

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*Odell Pollard, P.A.*, by: *Margaret Meads*, for appellant.

*Harkey, Walmsley & Blankenship*, by: *Leroy Blankenship*, for appellee.

DONALD L. CORBIN, Justice. Appellant, C.E. Wood, appeals a judgment of the Cleburne Circuit Court awarding appellee, Floy White, $15,000.00 compensatory damages and $15,000.00 punitive damages on her claim for assault, battery, and trespass. For reversal of the judgment entered pursuant to a unanimous jury verdict, appellant asserts four points of error in the trial, three of which have no merit. However, we find merit in appellant's first argument and therefore reverse and remand for a new trial. At least one of appellant's arguments involves a question in the law of torts; thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(o).

Appellant and appellee own adjoining tracts of land in Greers Ferry, Arkansas. In a separate lawsuit, appellant sued

appellee to determine ownership of a particular strip of land. Appellee testified in the present suit that while the dispute on the ownership of the strip was pending, she did not even cross the strip. Once the trial court determining the dispute over the strip rendered its order stating appellee was the rightful owner of the land in question, she attempted to resume caring for the strip of property by cleaning it of debris and trash. Appellee testified to three specific altercations between her and appellant that occurred on March 11, 1989, when she attempted to haul trash from the strip down toward the lake in order to burn the trash. She stated that on those three occasions, appellant cussed her while yelling that she was on his property and he meant for her to stay off of it; appellant also came onto the strip, pried appellee's hands off of her wheelbarrow full of debris, shoved her backward, pushed her wheelbarrow over to her patio and turned it over, spilling the debris on her patio. Appellee testified that she had no way of describing her feelings on those three occasions, but that she was scared of appellant and that she was "devastated of him." She also stated that she was still scared of appellant, that she could not and did not go onto the strip of property when she knew appellant was home, and that she did not have the expectation of being able to move about freely on her property.

The present suit consists of only four witnesses, two for each side. There is the appellee and her only corroborating witness, neighbor Ruth Gadberry, against appellant and his wife. Not surprisingly, appellant and his wife have a completely different recollection of the events of March 11, 1989, than do appellee and Mrs. Gadberry. Thus, this case is an example of the proverbial "swearing match."

Appellant's first assignment of error is in the trial court's ruling excluding evidence of possible bias on the part of appellee's witness and neighbor, Ruth Gadberry. While cross-examining Mrs. Gadberry, appellant inquired whether any annoying telephone calls were made from her phone to appellant's phone. Mrs. Gadberry responded in the negative. Appellee objected to any further cross-examination concerning phone calls on the grounds that such calls were "extraneous matters." Despite appellant's response that the rule excluding extrinsic evidence of misconduct did not apply to an attempt at showing bias or prejudice, the trial court sustained appellee's objection.

Appellant was allowed to proffer the testimonies of six witnesses who were either Southwestern Bell employees or local law enforcement officers and who investigated appellant's report of an annoying phone call. The proffered evidence reveals that appellant was receiving annoying phone calls and reported this to the telephone company; that he had the phone company place a "trap" on his phone line; that on April 13, 1989, appellant received one of the annoying calls that activated the trap; that the phone company determined the trap to have "locked" Mrs. Gadberry's phone onto appellant's phone on April 13, 1989; that Mrs. Gadberry's phone did not have any devices such as a "stacked drop" or "cable pair" that would have allowed some other phone to cause hers to lock onto appellant's phone; that both Mr. and Mrs. Gadberry were home all day on April 13, 1989, but their phone was not locked onto appellant's phone when law enforcement officials investigated the complaint late in the day on April 13, 1989.

Just as he argued below, appellant argues on appeal that the foregoing evidence shows Mrs. Gadberry was biased against appellant. Mrs. Gadberry's alleged bias is particularly relevant, argues appellant, because her testimony was the only evidence appellee offered to corroborate her own testimony.

■ Our law is well settled that evidence of a witness' bias or prejudice is not a collateral matter, and if a witness denies or does not fully admit the facts claimed to show bias, the attacker has a right to prove those facts by extrinsic evidence. *Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988). This rule of law is applied to both criminal and civil cases alike. *See* Edward W. Cleary, *McCormick on Evidence*, § 40 (3d ed. 1984).

■ Hostility of a witness toward a party is evidence of bias and may be shown by the fact that the witness has had a fight or quarrel with the party. *Id*. Certainly, the testimonies proffered by appellant show that someone at the Gadberry household made an annoying phone call to appellant's home. It goes without saying that annoying phone calls are usually made as a result of some animosity or hostility toward the recipient of the call. At the very least, hostility toward appellant is something the jury could reasonably infer on the part of Mrs. Gadberry or someone in her household.

The proffered testimonies were evidence of Mrs. Gadberry's possible bias or prejudice against appellant and it was error for the trial court to prevent appellant from presenting such information to the jury. Furthermore, given the fact that Mrs. Gadberry's testimony was appellee's only corroborating evidence of her claim, appellant was prejudiced by the trial court's error. We therefore reverse and remand for a new trial.